**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                                 **CASE NO. 5:06CR39-RS/AK**

**RICHARD ALLEN ADDERSON,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's fourth amended motion to vacate, set aside, or correct sentence. Doc. 164. The Government has filed a response, Doc. 168, and Defendant has submitted his reply. Doc. 169. This matter is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the fourth amended motion to vacate be denied.

## BACKGROUND

Defendant was charged with one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, crack cocaine. Doc. 19. Shortly thereafter, on May 1, 2006, the Government filed a § 851 enhancement information, advising Defendant that it intended to seek an enhanced penalty based on Defendant's prior felony drug

conviction. Doc. 39. According to the information, on or about December 15, 1998, Defendant had been convicted in the Circuit Court of Madison County, Florida, of possession of more than 20 grams of marijuana. *Id*.

On June 14, 2006, Defendant appeared for a change of plea. The Plea and Cooperation Agreement, which Defendant signed, specifically stated:

> The government has filed an Enhancement Information against the defendant alleging a prior felony drug conviction. If the prior felony drug conviction is a valid basis for sentence enhancement, the penalties for Count One will include a minimum mandatory term of twenty (20) years imprisonment and a maximum term of life imprisonment....If the prior felony drug conviction is not a valid basis for sentence enhancement, the penalties for Count One will include a minimum mandatory term of ten (10) years imprisonment....

Doc. 54.

During the plea colloquy, the Court specifically questioned Defendant about the enhancement information and whether he had read the information and discussed it with his attorney. Doc. 107. When the Court asked Defendant to affirm or deny the conviction, counsel stated:

> [T]he case...that's been noticed for enhancement by the United States Attorney's Office, under Florida law is not a conviction. He had a withheld adjudication of guilt, satisfied his probation. I've explained to him under the United States Code and the applicable federal law that that can be treated as a conviction, but for terminology sake, he understands he got a withheld adjudication. He admits, and he will admit...that that did take place and he was placed on felony probation for three years and successfully completed it, but there is still a withheld adjudication. I've explained to him the ramifications of that in state court as well as what the implications would be for sentencing enhancement in federal court.

*Id*. The Court then asked Defendant if he understood "that even though adjudication was withheld in the state court, that for purposes of sentencing for a federal crime, that that charge in state court is treated as a conviction," and Defendant responded, "Yes." The Court further advised Defendant that if he did not challenge the conviction before sentence was imposed, he

could not later raise it to attack the sentence, to which Defendant acknowledged his understanding. *Id*.

At sentencing, counsel objected to the use of the subject state court conviction. According to counsel, this was done "more for the purposes of the record in the event the law changes," as counsel acknowledged that federal law "allows this conviction to be counted as a prior conviction." Doc. 108; *see United States v. Smith*, 96 F.3d 1350, 1351 (11th Cir. 1996) (prior plea of *nolo contendere* with adjudication withheld in Florida state court is "conviction" supporting enhanced sentence under 21 U.S.C. § 841(b); *United States v. Fernandez*, 58 F.3d 593, (11th Cir. 1995) (seminal case finding that sentence of probation under state deferral statute is final "prior conviction" under § 841). Counsel urged the Court to "consider the minimum sentence for Mr. Adderson" based on his family obligations and his minimal criminal record. *Id*. Before imposing sentence, the Court once again reviewed the enhancement information with Defendant and gave him the opportunity to lodge his objections to its further consideration. *Id*. In response, Defendant admitted the conviction and voiced no other objections. *Id*. Thereafter, the Court sentenced Defendant to the minimum mandatory 20-year sentence. Doc. 72.

Counsel then moved to withdraw on the ground that he "was retained for substantive case and not for appeal." Doc. 77. He simultaneously filed a notice of appeal on Defendant's behalf. Doc. 75. After receiving no objection from Defendant (though he was afforded the opportunity to object, Doc. 84), the Court granted the motion. Doc. 88. The Eleventh Circuit subsequently appointed counsel to represent Defendant on appeal. Doc. 99.

Counsel wrote Defendant on February 3, 2007, advising him of the appointment and of the steps he had taken to review Defendant's case. Doc. 168, Ex. 1. He invited Defendant "to

write to me and describe what you believe are possible errors that occurred in your case that would warrant a different result from the 240-month sentence you received." *Id*. However, there is no indication in the record that Defendant responded to counsel's invitation.

On March 19, 2007, counsel wrote Defendant again and attached a copy of the *Anders* brief he had filed in Defendant's appeal. *Id*. He explained that although he found no meritorious issues for appeal under the circumstances of Defendant's appeal, "[i]n the event the Court of Appeals finds that I am incorrect, I will be directed to reconsider any issue the Court deems meritorious." *Id*.

After independently reviewing the entire record, the Eleventh Circuit allowed counsel to withdraw and found that his "assessment of the relative merit of the appeal is correct," as it likewise could discern "no arguable issues of merit." Doc. 117. Defendant later moved for a modification of sentence based on the retroactive application of the Sentencing Guidelines. Doc. 138. The motion was denied, Docs. 145 & 147, and the decision was affirmed on appeal. Doc. 167.

On this occasion, Defendant raises five issues in his fourth amended motion to vacate, each of which will be discussed in turn. Doc. 164.

## DISCUSSION

1. Ineffective assistance of appellate counsel.

In his first claim for relief, Defendant charges that appellate counsel was ineffective for filing an *Anders* brief "when there were non-frivolous issues preserved in district court." Doc. 164. He also claims counsel was ineffective for failing to consult with him concerning appealable issues or "whether defendant wish to appeal guidelines and statutory issues where

proper objections made at sentencing." *Id*. He further suggests that appellate counsel should have raised trial counsel's ineffectiveness on appeal. In particular, appellate counsel, according to Defendant should have challenged trial counsel's failure (1) to move to withdraw the guilty plea "based on the misinformation he gave client as to the prior state court conviction used for enhancement purposes" and (2) to advise the Court that "there might be a conflict of interest based upon his ineffective assistance of counsel in the state court proceeding...." Doc. 164, Memo.

Claims raising the effectiveness of appellate counsel are considered under the same standards as other ineffective assistance of counsel claims, and thus, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.*

It cannot seriously be disputed that counsel consulted with Defendant before filing the appellate brief. Whether Defendant responded to counsel's written consultation is another matter, and as noted previously, there is no evidence that Defendant advised his appellate counsel of any issues he wanted considered on appeal. As it was, counsel fulfilled his responsibilities set forth in *Anders v. California*, 386 U.S. 1396 (1967), and even if Defendant had objected to the *Anders* brief, he could not have prevented its filing, as an attorney has no

duty to pursue frivolous, non-existent issues on appeal just because the client wants those issues raised. *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991). Instead, he must "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. Towards that end, if counsel determines, after "conscientious examination" of the record, that the appeal is "wholly frivolous," then, as instant counsel did in this case, he must "so advise" the appellate court, move to withdraw, and submit a brief "referring to anything in the record that might arguably support the appeal." *Id*. At that point, the appellate court takes over to determine for itself whether the appeal is wholly frivolous and allows the defendant time "to raise any points that he chooses." *Id*. If the court of appeals finds any legal points raised to be non-frivolous, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id*.

Thus, even if counsel should have consulted further with Defendant before filing the *Anders* brief, Defendant was not prejudiced. Counsel raised as a colorable issue for appeal the question of whether the Court erred in enhancing Defendant's sentence based on his "prior conviction" in state court. The court of appeals examined that issue and concluded that it was not meritorious. Even in the context of § 2255 proceedings, this Court does not sit as a super-appellate court to review the conclusions of the court of appeals. The issue was raised, and the court considered it before finding it without merit.

Defendant's citation to *United States v. Cadet*, 138 Fed. App. 272 (11th Cir. 2005), is inapposite. In *Cadet*, the Eleventh Circuit found that a prior guilty plea in state court could not be used to increase the defendant's drug sentence because state court counsel had affirmatively misrepresented the effect of his "no adjudication" guilty plea. While the validity of the underlying state court plea was challengeable in that case, it was not challengeable here for a

simple reason which was not raised, namely, that the statute of limitations for instant Defendant to raise such a challenge had expired. A defendant may not challenge the validity of any prior conviction which "occurred more than five years before the date of the information alleging such prior conviction." *Id*. at 851(e). In *Cadet*, the defendant's state court plea occurred only a few months before he was indicted in federal court. *See United States v. Cadet*, 2004 WL 3559361 (11th Cir. Nov. 17, 2004). In contrast, the state court conviction at issue in this case occurred on December 15, 1998, over seven years before the notice of enhancement was filed on May 1, 2006. Thus, as a matter of law, instant Defendant could not challenge the validity of the state court conviction, only its effect and applicability under the enhancement provisions of § 841(b).

Furthermore, the determination of what constitutes a "prior conviction" under § 841(b) is determined by reference to federal law, not state law, and thus, Defendant's reliance on *United States v. Gispert*, 864 F. Supp. 1193 (S.D. Fla. 1994) is likewise misplaced, as the gun statute at issue in *Gispert*, 18 U.S.C. § 921, specifically directs the court to "the law of the jurisdiction in which the proceedings were held" to determine whether the defendant is a prior convicted felon. *See United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995) (discussing difference what constitutes prior conviction under § 921 and § 841).

Finally, as pointed out in counsel's *Anders* brief (though in a different context), the issue of counsel's effectiveness could not be an issue for direct appeal because the district court had not been given an opportunity to consider the issue in the first instance and to "'develop and include in the record evidence bearing on the merits of the allegation.'" *United States v. Simmons*, 961 F.2d 183 (11th Cir. 1992) (citation omitted). Such a claim must instead be raised

in a § 2255 proceeding, and thus, appellate counsel was not ineffective in failing to raise the issue when the law precluded him from doing so.

In short, appellate counsel was not ineffective as alleged by Defendant, and this claim should be denied.

2. Ineffective assistance of trial counsel based on conflict of interest.

Trial counsel, Russell Ramey, also represented Defendant during the state court proceedings at issue in the enhancement question. According to Defendant, Mr. Ramey advised him during the state court proceedings that "by accepting the plea he would have no record, that the plea would not be used against him in any future proceedings, and that a withhold adjudication of guilty meant there would be no adjudication of guilt, no criminal record, and no adverse consequences." Doc. 164, Memo. Defendant further argues that counsel knew he had made such representations but failed to bring them to the Court's attention his ineffectiveness in state court. *Id*. In Defendant's view, this resulted in a "blind guilty plea," which should have been withdrawn, and the filing of the *Anders* brief.

As previously stated, Defendant had no challenge to the validity of the prior conviction because it was more than fives years and therefore, not challengeable as a matter of law under § 851(e). This statute of limitations has been upheld as constitutional and not violative of a Defendant's rights, as it is "reasonably tailored to impose enhanced sentences on recidivists." *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992). Thus, even if Mr. Ramey had told the Court he acted ineffectively in representing Defendant in state court, the Court would still have been bound to apply the enhancement since the conviction was not challengeable, and Defendant did not suffer any prejudice from counsel's alleged failure.

To the extent that Defendant may be attacking the state court conviction in this proceeding, pursuant to *Daniels v. United States*, 532 U.S. 374, 383 (2001), he is foreclosed from doing so because as a "general rule," a defendant who has been sentenced in federal court may not lodge a § 2255 challenge to his sentence "on the ground that his prior [state court] convictions were unconstitutionally obtained." *Daniels*, 532 U.S. at 376. More specifically:

> If...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.

*Id*. at 382; *see also Custis v. United States*, 511 U.S. 485, 491 (1994) (collateral attack on prior convictions used as Armed Career Criminal enhancements permissible only where defendant was not represented by counsel in prior proceedings).

      3.      Ineffective assistance of trial counsel for failure to raise objections to use of prior state court conviction.

In this claim, Defendant argues that counsel was ineffective because he did not know that the prior state court conviction could be used as an enhancing conviction. That argument is flatly refuted by the record and is therefore frivolous, as reflected *supra*. Counsel plainly advised the Court at the plea and sentencing hearings that although the law recognized the subject conviction as a "prior conviction" for enhancement purposes, he was preserving the issue for appeal nonetheless in case the law changed. Furthermore, counsel's alleged lack of knowledge was not grounds for a motion to withdraw since both he and Defendant did in fact know that the conviction was going to be used to enhance Defendant's sentence, which

Defendant admitted at both proceedings. The law is well established that a "guilty plea means something. It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court." *Murray v. United States*, 145 F.3d 1249, 1254 (11th Cir. 1998). In fact,

> the representations of the defendant, his lawyer, and the prosecutor at...a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In this case, the Court and counsel were very thorough in reviewing with Defendant the issues that he now contests. Thus, his contentions that counsel did not know the law and misled him and failed to advise him properly "are contentions that in the face of the record are wholly incredible." The Court and counsel meticulously explained on the record the enhancement issue. Defendant acknowledged his understanding and never indicated otherwise. The Court advised Defendant of the sentence he faced, and again, although he was given the opportunity to advise the Court of any misunderstanding he had about the possible penalties involved, he did not express any equivocation about the ramifications of his change of plea. Therefore, this ground for relief is also not well taken.

    4.    Unconstitutional state court plea.

As discussed *supra*, this claim is foreclosed by *Daniels* unless Defendant can show that the plea was uncounseled. The state court record submitted by Defendant plainly shows that Mr. Ramey represented him at the change of plea hearing, see Doc. 164, and therefore, the claim is without merit and should be denied.

> 5. Ineffective assistance of trial counsel for inducing "blind" guilty plea.

This claim is vague and is at best a repetition of the claim made in Ground Three. It does not warrant further discussion or consideration.

## **CONCLUSION**

As none of Defendant's claims have merit, in light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's fourth amended motion to vacate, set aside, or correct sentence, Doc. 164, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of August, 2009.

> s/A. Kornblum
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**